Ex. B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHNNY W. GREEN, JR.,

              Plaintiff,

      v.

ESTES EXPRESS LINES,

              Defendant.

Civil Action No: 3:13-cv-30126-KPN

## AFFIDAVIT OF RENEE BLOOM

      RENEE BLOOM, of full age, being duly sworn, according to my oath, hereby deposes and says:

      1.      My name is Renee Bloom.  I am Regional Human Resources Manager for Estes Express Lines, and I have held that position at times relevant to this case involving Johnny W. Green, Jr.  I handle the Northeast Region which encompasses the Chicopee terminal.

      2.      Estes Express Lines is in the freight transportation (trucking) business and operates its trucking activities from various facilities, known as terminals, located throughout the Eastern United States.  One such facility is located in Chicopee, Massachusetts.

      3.      Brenda Gerczak is the Assistant Vice President of Human Resources for Estes whose office is located at the corporate headquarters in Richmond, Virginia.

      4.      During all times relevant to Mr. Green's employment, Estes published to its employees a policy manual (or handbook).  On occasion, Estes would republish the entire handbook and get signed forms from all employees acknowledging their receipt and understanding of the policy manual and policies contained therein.

      5.      Among other policies, the handbooks contained Estes' Code of Conduct and its Equal Opportunity and Harassment in the Workplace Policy.  The Code of Conduct sets forth

rules by which all employees were required to abide relating to their performance and conduct. Each of the handbooks distributed during Plaintiff's employment contained three separate receipts of acknowledgment and understanding. One receipt form was for the entire handbook. Separate and individual receipts were also contained in each of the handbooks for the Code of Conduct and Equal Opportunity and Harassment in the Workplace policies.

6.      Estes re-published its policy manual in July, 2007, and again in February, 2010.

7.      The 2010 handbook was finalized for republishing to employees on or about February 16, 2010. Over the next two months, boxes of these 2010 handbooks were sent to the various Estes terminals for distribution and the gathering of acknowledgment receipts from Estes' hourly employees.

8.      Chicopee Terminal Manager Dan O'Connor informed me that Mr. Green refused to sign the acknowledgment form for receipt of the employee handbook that was presented to him on or about June 18, 2010. I instructed Mr. O'Connor that Mr. Green's refusal to sign the acknowledgment form was a termination offense under the Estes' Code of Conduct. I was made aware that Mr. O'Connor had given Mr. Green a copy of the handbook for him to review over the weekend and he would be getting back with Mr. O'Connor Tuesday when he returned to work. I instructed Mr. O'Connor to follow-up with Mr. Green. I reiterated, however, that if Mr. Green continued in his refusal to follow the directive to sign the form, we had no choice but to terminate his employment. I told Mr. O'Connor to ensure that Mr. Green was aware of this consequence.

9.      Mr. O'Connor informed me that upon Mr. Green's return to work, he still refused to sign the acknowledgment form. I discussed with Ms. Gerczak what had transpired with Mr.

2

Green, and thus we were both aware that Mr. Green had continually refused to follow the directive to sign the acknowledgment and that he gave no good reason for his repeated failure to comply with directive.   Ms. Gerczak and I concluded that Mr. Green had engaged in insubordination for failure to follow a directive which was an automatic termination offense Estes' Code of Conduct.   This was akin to an employee's failure to sign any required acknowledgements, such as a disciplinary action form, DOT-required forms and the like.   In order to consistently apply Estes' disciplinary practice in this situation, we made the decision to terminate the Plaintiff's employment.

10.     I and Ms. Gerczak were responsible for the decision to terminate Mr. Green's employment.   Mr. Green was in fact terminated for refusing to follow a directive and insubordination.

I have prepared and reviewed the statements contained in this Affidavit, and the statements contained herein are true.

_____
RENEE BLOOM

Sworn to and subscribed
before me on this __5__ day
of May, 2014.

_____
Notary Public

```
TODD D WILLIAMS
Notary Public
State of New Jersey
My Commission Expires Sep 28, 2017
```